IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NAUTILUS INSURANCE COMPANY,

       Plaintiff,

  v.                                    CIVIL NO. 2:25-cv-7
                                              (KLEEH)

LINWOOD COMMUNITY DAY CARE, ET AL.,

       Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' SNOWSHOE MOUNTAIN, INC. AND TONY E DICKMAN [ECF No. 11] AND DEFENDANT LINWOOD COMMUNITY DAY CARE'S [ECF No. 14] MOTIONS TO DISMISS.**

Pending before the Court are *Defendants Snowshoe Mountain, Inc. and Tony E. Dickman's Motion to Dismiss* [ECF No. 11] and *Defendant Linwood Community Day Care's Motion to Dismiss* [ECF No. 14]. For the reasons stated herein, the Motions to Dismiss [ECF No. 11, 14] are **DENIED**.

## I.    <u>PROCEDURAL HISTORY</u>

On April 7, 2025, Plaintiff Nautilus Insurance Company ("Plaintiff" or "Nautilus") filed a Complaint in the United States District Court for the Northern District of West Virginia seeking Declaratory Relief against Defendants Vanessa L. Blankenship ("Blankenship"), Chance E. Holcomb ("Holcomb"), Tony E. Dickman ("Dickman"), Linwood Community Day Care ("Linwood"), and Snowshoe Mountain, Inc. ("Snowshoe"). ECF No. 1. The Complaint sought a

declaration by the Court of "the rights and responsibilities of the parties relative to a contract of insurance issued by Nautilus to Linwood. Id.

On July 14, 2025, Defendants Snowshoe and Dickman filed a Motion to Dismiss or Abstain. ECF No. 11. Plaintiff then filed a Response to the Motion to Dismiss or Abstain on July 28, 2025. ECF No. 12. On July 31, 2025, Defendant Linwood filed a Motion to Dismiss or Abstain, joining Snowshoe and Mr. Dickman in their previously filed motion [ECF No. 11]. ECF No. 14. Snowshoe and Dickman subsequently filed a Reply to Plaintiff's Response [ECF No. 12] on August 4, 2025. ECF No. 15. Lastly, Plaintiff filed a Response to the Motion to Dismiss or Abstain filed by Linwood on August 14, 2025. ECF No. 16. The Motion is thus fully briefed and ripe for review.

## II.    FACTUAL BACKGROUND[1]

On February 10, 2025, the underlying Plaintiffs, Blankenship and Holcomb, filed suit in the Circuit Court of Randolph County, West Virginia against Snowshoe, Linwood, and Dickman. ECF No. 1, Ex. 2. In the state court Complaint, Plaintiffs who are the co-administrators of their decedent daughter Freya Holcomb's estate, allege that on or about September 26, 2024, their daughter, a daycare student at Linwood, attended a field trip to Split Rock

---

[1] The following facts are provided from Plaintiff's Complaint [ECF No. 1] and the accompanying exhibits.

2

Pools.  ECF No. 1, at ¶ 17.  During the field trip, Freya allegedly drowned in the pool and passed away.  Id. at ¶ 21.

At the time of the alleged incident, Linwood was insured by Plaintiff Nautilus.  Id.  Linwood tendered the state court Complaint to Nautilus for defense and indemnity under the insurance policy.  Id. at ¶ 22.  In response, Nautilus agreed to provide a defense to Linwood, subject to a reservation of its right to deny both the defense and indemnity under the policy.  Id. at ¶ 23. Subsequently, pursuant to certain exclusions in the policy,[2] Nautilus filed the subject action requesting this Court to declare the claims asserted in the underlying Complaint are not covered by the Nautilus policy.  Id. at ¶ 53.

### III. **LEGAL STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for lack of subject matter jurisdiction.  When a defendant files a 12(b)(1) motion, the plaintiff bears "the burden of proving that subject matter jurisdiction exists."  Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). Additionally, a defendant may lodge a facial subject matter jurisdiction attack by contending

---

[2] Nautilus contends that the underlying incident is not covered by the issue policy subject to a "swimming pool exclusion," that there is no coverage available under the policy's designated professional services liability coverage extension, that there is no coverage for medical payments, and that there is no coverage for punitive or exemplary damages.

3

"that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where the sufficiency of the facts alleged are in dispute, "the district court accepts all allegations as true and determines whether those allegations are sufficient to invoke jurisdiction." Evans v. United States, 105 F.4th 606, 615 (4th Cir. 2024).

Additionally, the Supreme Court's abstention doctrines allow "federal courts to decline to exercise jurisdiction over certain classes of declaratory judgements." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 718 (1996); see Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (explaining that federal courts have "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."). The United States Court of Appeals for the Fourth Circuit recognizes that in some circumstances, hearing declaratory judgment actions can be "'uneconomical,' 'vexatious,' and risks a 'gratuitous interference' with state court litigation." Med. Mut. Ins. Co. of N. Carolina v. Littaua, 35 F.4th 205, 208 (4th Cir. 2022).

## IV. <u>DISCUSSION</u>

In Defendants' Motions to Dismiss, the parties request that this Court dismiss the present action for lack of subject matter jurisdiction, or alternatively, abstain and decline to exercise

4

jurisdiction.  ECF No. 11, 14.  In response, Plaintiff contends that it properly established the existence of diversity jurisdiction and that this Court should not abstain.  ECF No. 12. For the reasons stated herein, this Court agrees with Nautilus on each point.  The Court finds the pleadings are sufficient to establish diversity jurisdiction and the Court declines to exercise its discretion to abstain.  Thus, the Defendants' Motions to Dismiss [ECF No. 11, 14] are **DENIED.**

A. **Defendant's Motion to Dismiss for lack of subject matter jurisdiction is DENIED because there is sufficient evidence in the record to establish the Court's jurisdiction.**

Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the litigation is between citizens of different states.  28 U.S.C. § 1332(a).  To lodge a "facial challenge" to subject matter jurisdiction, the Defendant can contend "that a complaint simply fails to allege facts on which subject matter jurisdiction can be based."  Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). Under a facial challenge, the Plaintiff is "afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration."  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (explaining that all the facts alleged in the complaint are assumed to be true.).

Additionally, district "courts have an independent obligation to ensure that subject matter jurisdiction exists."  Arbaugh v. Y

5

& H Corp., 546 U.S. 500, 514 (2006).  Pursuant to this obligation, the Court may consider Plaintiff's complaint, as well as their responsive pleadings.  See Burns v. WSSC Water, No. 21-CV-02509, 2022 WL 3043412 at *3 (D. Md. Aug. 2, 2022) (explaining where Plaintiff clarifies the source of jurisdiction in response to a motion to dismiss, "great effort" must not be expended by the court to locate the source of its jurisdiction and therefore it is "pointless" to require an amended complaint).

For purposes of diversity jurisdiction, "[a]n individual is a citizen of the state in which he or she is domiciled." Bloom v. Libr. Corp., 112 F. Supp. 3d 498, 502 (N.D.W. Va. 2015) (explaining that domicile "requires physical presence, coupled with an intent to make the State a home."). Courts consider "all of the circumstances surrounding an individual's situation" to determine the party's domicile. Id. Additionally, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2).

Furthermore, to determine the citizenship of "an artificial entity" that is not a corporation, the Courts must "consult the citizenship of . . . all the entity's members." Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990). An unincorporated association's citizenship cannot be determined without looking into "[t]he citizenship of all the members[.]" Clephas v. Fagelson, Shonberger, Payne & Arthur, 719 F.2d 92, 93 (4th Cir. 1983).

Lastly, in declaratory actions, the "amount in controversy is measured by the value of the object of the litigation." Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) (citation omitted). In the coverage issue context, the amount in controversy is not "measured by the Liability Policy's limits[,]" rather "[w]here coverage of a particular occurrence is at issue, the amount in controversy is the value of the underlying action." Erie Ins. Prop. & Cas. Co. v. Armitage, No. 5:05CV24, 2005 WL 8161961 at *3 (N.D.W. Va. Dec. 13, 2005).

Snowshoe and Dickman contend that Nautilus, in its Complaint, failed to "allege sufficiently the citizenship" of Linwood, Mr. Dickman, Mr. Holcomb, and Ms. Blankenship. ECF No. 11, at p. 5. Additionally, Defendants argue the Complaint does not allege sufficient facts to establish the amount in controversy requirement is met. Id.

Here, with respect to Defendant Linwood, Nautilus has provided a sufficient factual basis to support diversity of citizenship between the parties. Nautilus did not specifically plead the citizenship of each member of Linwood in its Complaint. Instead, Nautilus provided that "Defendant Linwood is an unincorporated non-profit organization organized under the laws of the State of West Virginia, with its principal place of business [in West Virginia}." ECF No. 1, at ¶ 2. Nautilus later clarified in its Response to Snowshoe Mountain's Motion to Dismiss, that a Tracey

7

Valach, who is domiciled in West Virginia, is the "sole identifiable officer/member of Linwood."[3]    ECF No. 12, at p. 3. Therefore, pursuant to the Court's independent obligation to ensure that subject matter jurisdiction exists, the Court finds sufficient evidence in the record to support diversity of citizenship between Plaintiff Nautilus and Defendant Linwood, when the totality of the record is considered.  Arbaugh, 546 U.S. at 514; see also Burns, at *3.

Similarly, the Court finds Nautilus has established the citizenship of Mr. Dickman, Mr. Holcomb, and Ms. Blankenship. First, Plaintiff alleges Mr. Dickman is an employee of Snowshoe Mountain Inc., a West Virginia corporation with its principal place of business in West Virginia, that he was the manager of Split Rock Pool in West Virginia, and he was a resident of Randolph County, West Virginia.  ECF No. 1, at  ¶ 4.  Additionally, in its Response to the Motion to Dismiss [ECF No. 12], Nautilus provided further evidence of Mr. Dickman's domicile.[4]    Therefore, considering all the circumstances surrounding Mr. Dickman's

---

[3] This assertion is supported by exhibits titled "Linwood Community Daycare Business Entity Details" [ECF No. 12, Ex. A], "Obituary of Teresa White" [ECF No. 12, Ex. B], "West Virginia Real Estate Assessment Data" [ECF No. 12, Ex. C], and "Tracey Valach Voter Registration Information" [ECF No. 12, Ex. D].

[4] Plaintiff alleges that Mr. Dickman currently resides in Monterville, West Virginia [ECF No. 12, Ex. F], his vehicle and boat are registered in his name to the same Monterville residence [ECF No. 12, Ex. F, at 1], and in Dickman's answer to the underlying state court complaint he admitted these allegations [ECF No. 12, Ex. G].

situation, this Court finds sufficient evidence in the record to support diversity of citizenship between Nautilus and Mr. Dickman. Bloom, 112 F. Supp at 498.

Furthermore, sufficient evidence exists in the record to support a finding that the decedent was domiciled in West Virginia. First, Plaintiff's Complaint alleges that the decedent, Freya Holcomb, attended Linwood Daycare, a West Virginia non-profit. ECF No. 1, at ¶ 2, 17.  In addition, the decedent, who was two years old at the time of the incident, allegedly shared the same domicile as her mother.  ECF No. 12, at 9; ECF No. 1, Ex. 2, at ¶ 3.  Further, decedent's mother described herself as a resident of West Virginia in the underlying state court complaint, and filed real property taxes in Webster County, West Virginia in the year 2025.  ECF No. 1, Ex. 2, ¶ 2; ECF No. 12, Ex. H.  Therefore, there are sufficient facts to support diversity of citizenship between Nautilus and the decedent.  Thus, the same is true of the co-administrators of the decedent's estate, Mr. Holcomb and Ms. Blankenship.

Lastly, although Plaintiff's Complaint pleads the amount in controversy by citing policy limits [ECF No. 1, at ¶ 8], this deficiency was cured through its inclusion of the underlying state court complaint as an exhibit[5] [ECF No. 1, Ex. 2].  Although a

---

[5] While the state court complaint does not set forth a specific dollar amount, it requests compensatory damages for the conscious pain and

specific dollar amount is not offered, Plaintiff's Complaint, and the accompanying State Court Complaint, set forth facts that if taken as true, would support the inference that the amount in controversy requirement is met.

Therefore, the Court finds Plaintiff has provided adequate evidence of the Court's jurisdiction to hear the present declaratory action. Accordingly, Defendants' Motions to Dismiss or Abstain [ECF No. 11, 14] are **DENIED**.

**B. The Court declines to exercise its discretion to abstain from hearing the declaratory action because the Fourth Circuit's <u>Nautilus</u> factors weigh in favor of retaining jurisdiction.**

Section 2201(a) of the Declaratory Judgment Act states that Federal Courts "may declare the rights and other legal relations of any interested party seeking such declaration." However, the word "may" in the Declaratory Judgment Act confers on "federal courts a unique and substantial discretion in deciding whether to declare the rights of litigants." <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995)(the Act "confers a discretion upon the courts rather than an absolute right upon the litigant.").

In determining how to exercise this discretion, the Fourth Circuit holds district courts must consider four factors:

> (1) whether the state has a strong interest in
> having the issues decided in its courts; (2)

---

suffering of the decedent, compensatory damages for the loss of companionship of the legal beneficiaries, medical and funeral expenses, all damages allowable under West Virginia Code § 55-7-6, punitive damages, attorney's fees and litigation expenses, and pre- and post-judgment interest.

whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

Id. at 208-209 (citing Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994)).

First, the state's interest is "weak" where the "contractual coverage issue will not be decided by the state tort case, and [the insurer] is not a party to the state case." Allstate Vehicle & Prop. Ins. Co. v. Pixler-Davis, No. 1:21CV100, 2022 WL 3221830 at *2 (N.D.W. Va. Aug. 9, 2022) (citing Penn-America Ins. Co. v. Coffey, 368 F.3d 409, 414 (4th Cir. 2004)).  On the other hand, states have a strong interest when the state law question is "difficult, complex, or unsettled." Littaua, 35 F.4th at 209.

Second, the interest in efficiency is frustrated where a party seeks to "try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." Allstate Prop. & Cas. Ins. Co. v. Cogar, 945 F. Supp. 2d 681, 687 (N.D.W. Va. 2013) (punctuation omitted).  When the related state court action is underway, the district court "should specifically consider whether the controversy 'can be better settled in the proceeding pending in state court.'"  Nautilus, 15 F.3d at 377 (citing

11

Brillhart v. Excess Inc. Co., 316 U.S. 491, 495 (1942)). A district court should decline to grant declaratory relief when "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Nautilus, 15 F.3d at 377. However, where the insurer is not a party in the state action, the benefit of abstaining is "indeterminate[,]" and "dismissing the federal coverage case [does not] advance any cause of efficiency." Penn-Am. Ins. Co. v. Coffey, 368 F.3d 409, 414 (4th Cir. 2004).

Lastly, where the insurer is not a party to the state court action, and claims against the insurer would not be resolved in the state court litigation, "there is no risk that 'overlapping issues of fact or law' will entangle the state court . . . negligence claim and the federal court . . . coverage dispute." Liberty Mut. Fire Ins. Co. v. Sutton, No. 21-1277, 2022 WL 11112589 at *6 (4th Cir. Oct. 19, 2022). The district court can "decide whether the complaint's allegations, if proved," would warrant exclusion under the insurance policy and define "the scope of the contractual language[,]" without causing entanglement between the state and federal court systems. Coffey, 368 F.3d at 413-14.

Here, the first three Nautilus factors weigh in favor of the Court retaining jurisdiction in the present action and the fourth factor, addressing concerns over forum-shopping, has not been supported by evidence in the record. First, the State lacks a

12

strong interest in the case because the coverage issue is not novel and it does not present a "difficult, complex, or unsettled" question of West Virginia law.   Littaua, 35 F.4th at 209. Furthermore, Plaintiff Nautilus is not a party to the state case, and the coverage issue is not before the state court.   Pixler-Davis, at *2.   Additionally, Nautilus's lack of involvement in state proceedings means a decision here would not unnecessarily entangle this Court with state court proceedings.   The Court can address the coverage question presented without becoming entangled in the state law tort claims.   See Sutton, at *6.   Lastly, it would be more efficient for this Court to decide the coverage question now, rather than defer that decision until the conclusion of the state litigation.   See Coffey, 368 F.3d at 413-14.

Therefore, in following the Fourth Circuit's guidance in Nautilus, the Court declines to exercise its discretion to abstain from hearing the present declaratory action.   Accordingly, Defendants' Motions to Dismiss or Abstain [ECF No. 11, 14] are **DENIED**, and the action will remain on the Court's active docket.

## V.   CONCLUSION

For the foregoing reasons, the Court finds sufficient evidence in the record to support the Court's subject matter jurisdiction to hear the present action.   Additionally, the Court declines to abstain.   Accordingly, the Motions to Dismiss [ECF No. 11, 14] are **DENIED.**

13

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record by the CM/ECF system.

**DATED:** March 30, 2026

_Tom S Kleeh_

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA